UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO SUAREZ,<br><br>        Petitioner,<br><br>v.<br><br>SMITH, et al.,<br><br>        Respondents. | Case No.: 3:25-cv-01640-CAB-KSC<br><br>**ORDER STAYING CASE**<br><br>[Doc. No. 2] |

On June 26, 2025, Jose Alfredo Suarez ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. [Doc. No. 1 ("Petition").] Petitioner was convicted of second-degree murder (Cal. Penal Code § 187(a)), assault with a deadly weapon (Cal. Penal Code § 245), and first-degree attempted murder (Cal. Penal Code §§ 664, 187, 189). [*Id.* at 2.] Petitioner seeks to stay the habeas petition until his state court proceedings conclude pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). [Doc. No. 2.]

In 2023, Petitioner filed a petition in state court for resentencing under California Penal Code § 1172.6. [Doc. No. 1-5 at 17.] His petition was denied, and his appeal is currently pending in the California Court of Appeals. [*Id.*] While his resentencing petition was pending, Petitioner filed two petitions for writ of habeas corpus in the California

1

Supreme Court. The first, which raised issues related to California's Racial Justice Act as codified in California Penal Code § 1473, was denied for failing to establish a prima facie showing of entitlement to relief. [Doc. No. 1-27 at 4.] The claims set forth in that decided petition appear to be the basis of the instant Petition. The second petition, which is still pending, alleges judicial conflicts of interests and false evidence presented at trial. [Doc. No. 1-5 at 18; *see* Doc. No. 1-27 at 11–13.] Those claims do not appear to be directly related to the issues raised here.

As a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger*, 401 U.S. at 45. *Younger* abstention is required when: (1) there is an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining ongoing state judicial proceeding. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018).

Although Plaintiff requests a stay pursuant to *Younger v. Harris*, with respect to the pending resentencing appeal, it does not appear that *Younger* abstention applies. The Ninth Circuit has held that existence of state court proceedings relating to a resentencing petition does not implicate *Younger*. *Duke v. Gastelo*, 64 F.4th 1088, 1099 (9th Cir. 2023). In *Duke*, the Court found that the third prong of the *Younger* test was lacking because the resentencing proceedings were narrow in scope. [*Id.*] The *Duke* Court also found that the district court had the discretion to stay that matter. 64 F.4th 1088, 1099–1100 (9th Cir. 2023). Similarly, although *Younger* abstention does not apply here, this Court has the discretion to grant a stay.

Considering that Respondents do not oppose a stay, [Doc. No. 15 at 4.], the Court **STAYS** this case. The parties shall notify the Court within three court days of receipt of a

///

///

decision on Petitioner's resentencing appeal.

It is **SO ORDERED**.

Dated: October 31, 2025

Hon. Cathy Ann Bencivengo
United States District Judge