UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO SUAREZ,<br><br>Petitioner,<br><br>v.<br><br>SMITH, et al.,<br><br>Respondents. | Case No.:  3:25-cv-01640-CAB-GC<br><br>**ORDER:**<br><br>**(1) DENYING REQUEST TO APPOINT COUNSEL; and**<br><br>**(2) MODIFYING BRIEFING SCHEDULE.**<br><br>[Doc. No. 30] |

On June 8, 2026, Jose Alfredo Suarez ("Petitioner") filed a motion to extend the time to file a second amended petition and for appointment of counsel.  [Doc. No. 30.]  For the reasons stated below, the Court **DENIES** Petitioner's request for the Court to appoint counsel and **GRANTS** the motion to extend the deadline to file a second amended petition.

///

///

1

## I.    BACKGROUND

On June 26, 2025, Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. §2254.  [Doc. No. 1.]  Petitioner later filed a motion to proceed *in forma pauperis* ("IFP"), [Doc. No. 4], which the Court granted, [Doc. No. 7].  The Court then stayed the case until Petitioner's state court proceedings concluded.  [Doc. No. 18.]  Petitioner filed an amended petition during the stay, [Doc. No. 21], and the Court dismissed the amended petition due to the stay, [Doc. No. 22].  Once Petitioner's state court proceedings concluded, the Court lifted the stay and issued a briefing schedule.  [Doc. No. 28.]

Petitioner now asks the Court to appoint counsel because his current petition is meritorious, he wishes to file an amended petition, he currently lacks access to his legal property, and providing him an attorney will better serve this Court.  [Doc. No. 30 at 1–2.]

## II.    LEGAL STANDARD

"[T]here is no absolute right to counsel in civil proceedings."  *Hedges v. Resol. Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994).  However, the Court has discretion to appoint an attorney to represent indigent civil litigants upon a showing of "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "That a *pro se* litigant may be better served with the assistance of counsel is not the test."  *Okler v. MCC IMU Prison*, No. 3:18-cv-05458-RJB-TLF, 2019 WL 461143, at *1 (W.D. Wash. Feb. 5, 2019).  Instead, the Court "must determine whether a) there is a likelihood of success on the merits; and b) the [litigant] is unable to articulate his claims in light of the complexity of the legal issues involved."  *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014).  Neither factor "is dispositive; rather they must be considered cumulatively."  *Id.*

## III.    DISCUSSION

### A.    Likelihood of Success

Petitioner has stated he plans to file a second amended petition so the Court cannot predict Petitioner's likelihood of success on any claims to be filed.  *See Campos v. K.U.S.I. News Media*, No. 3:19-cv-01455-BAS-AGS, 2019 WL 4674290, at *2 (S.D. Cal. Sept. 24,

3:25-cv-01640-CAB-GC

2019) (denying motion to appoint counsel in part because it was "simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim"). The Court therefore finds that this factor weighs against the appointment of counsel.

### B.    Petitioner's Ability to Pursue His Claims

Petitioner argues that the Court should appoint him an attorney because he does not have access to his legal property due to transfers in the state prison system.  [Doc. No. 30 at 4.] "Every pro se prisoner's ability to litigate a case is hampered to some extent by their indigency and incarceration." *Char v. Tresch*, No. CV 23-00402 DKW-WRP, 2023 WL 6466379, at *2 (D. Haw. Oct. 4, 2023).  Petitioner has demonstrated in his previous filings that he is capable of doing legal research, presenting arguments in writing, and understanding the issues in his case.  Although Petitioner's recent transfers to different facilities in the state prison system have made it difficult for him to access his legal property, this problem can be cured by allowing Petitioner additional time to submit his filings.  The Court therefore finds that this factor also weighs against the appointment of counsel.

### IV.    CONCLUSION

For the reasons stated above, Petitioner's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.  Petitioner may renew his request if his situation changes such that he can make the necessary showing that he is both likely to succeed on the merits of his claims and unable to competently articulate those claims.

Further, for good cause shown, the Court **GRANTS** the motion to extend the time for Petitioner to file an amended petition and modifies the briefing schedule as follows:

(1)    Petitioner may file a second amended petition by **August 5, 2026**.

(2)    Respondents shall file a response to the second amended petition, or if no second amended petition is filed, to the original petition, [Doc. No. 1], by **September 2, 2026**.

///

///

3:25-cv-01640-CAB-GC

(3)    Petitioner may file a reply to Respondents' response by **September 30, 2026**.

It is **SO ORDERED**.

Dated:  June 16, 2026

_____

Hon. Cathy Ann Bencivengo
United States District Judge

3:25-cv-01640-CAB-GC