**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOSE ALFREDO SUAREZ,

Petitioner,

v.

SMITH, Warden,

Respondent.

Case No.: 3:25-cv-1640-CAB-GC

**ORDER:**

**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL, [Doc. No. 32]; and**

**(2) DENYING MOTION TO AMEND PETITION AS MOOT AND SETTING BRIEFING SCHEDULE ON MOTION FOR STAY, [Doc. No. 33].**

Petitioner Jose Alfredo Suarez ("Petitioner"), a state prisoner, is proceeding pro se with a federal habeas action pursuant to 28 U.S.C. § 2254. On July 24, 2026, Petitioner filed a Motion for Appointment of Counsel, [Doc. No. 32], and a "Motion to Amend Petition for Habeas Corpus and Motion for Stay," [Doc. No. 33]. On the same day, Petitioner also filed a Second Amended Petition ("SAP"). [Doc. No. 34.] For the reasons discussed below, the Court **DENIES** the request for appointment of counsel, **DENIES** the motion to amend as moot, and **ORDERS** briefing on the stay motion.

/ / /

## I. MOTION FOR APPOINTMENT OF COUNSEL

The instant motion for appointment of counsel is the third such motion Petitioner has filed in this case. [*See* Doc. Nos. 20, 30.] Most recently, the Court denied Petitioner's second motion for appointment of counsel without prejudice on June 16, 2026. [Doc. No. 31.] As discussed in that Order, petitioners do not have an absolute right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Nevertheless, by statute, district courts have discretion to appoint counsel in habeas proceedings for "any person financially unable to obtain adequate representation" when "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

In his current motion, Petitioner states he is housed in the "Restrictive Interaction Housing Unit" at Corcoran State Prison, where the law library "no longer offer[s] any material to [conduct] legal case law research[.]" [Doc. No. 32 at 2.] Instead, the library offers only "legal court forms and legal copies." *Id.* While the facility offers access to case law legal research on an "App" available on tablets issued to inmates, Petitioner states that he is unable to "effectively use this app for [legal] research." *Id.*

As this Court has previously found, Petitioner has demonstrated in his prior filings that he is capable of understanding the issues and presenting his arguments in writing. [*See, e.g.,* Doc. No. 31 at 3.] Moreover, at this stage in the proceedings, the Court again finds that Petitioner has failed to show a likelihood of success on the merits. Therefore, Petitioner's motion for appointment of counsel, [Doc. No. 32], is **DENIED** without prejudice.

## II. MOTION TO FILE AMENDED PETITION AND MOTION FOR STAY

Petitioner has also filed a motion in which he (1) seeks leave to file an amended petition and (2) asks this Court to stay the proceedings while he exhausts claims in the state courts. [Doc. No. 33.]

### A. Motion to Amend

First, the Court denies Petitioner's request to file an amended petition. This Court specifically permitted Petitioner to file an amended petition, if he chose to do so, after the stay of proceedings was lifted. [*See* Doc. No. 28 at 2, Doc. No. 31 at 3.] And Petitioner has since filed an SAP, which is currently before the Court. [*See* Doc. No. 34.] Therefore, the request to file an amended petition is **DENIED** as moot.

### B. Motion to Stay

Next, as to Petitioner's motion to stay the case for a second time during the course of these proceedings,[1] the Court finds briefing is appropriate. In his SAP, Petitioner raises three claims[2]: (1) his due process rights were violated because the judge who denied his resentencing petition had a conflict of interest and engaged in impermissible fact-finding; (2) he received ineffective assistance of appellate counsel during the appeal of his resentencing denial; and (3) the cumulative errors, including judicial bias and ineffective assistance of counsel, rendered his resentencing hearing fundamentally unfair in violation of due process. [Doc. No. 34 at 8, 39, 43.]

To obtain habeas relief, a petitioner must have first "exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). Here, while Petitioner

---

[1] The Court previously stayed these proceedings while Petitioner completed direct appellate review of the denial of his resentencing petition in the state courts. [*See* Doc. No. 18.] Those state court proceedings concluded on May 13, 2026, when the California Supreme Court denied Petitioner's petition for review. [*See* Doc. No. 28 at 2 (taking judicial notice of the state court appeal record).] This Court lifted the stay on May 21, 2026. [*See id.* at 2.]

[2] None of the claims raised in Petitioner's original petition are raised in his SAP. [*Compare* Doc. Nos. 1-2 at 9, 1-5 at 7, 13 *with* Doc. No. 34 at 8, 39, 43.]

alleges he has exhausted his first ground for relief by raising it in his petition for review to the California Supreme Court, [*see* Doc. No. 34 at 7; *see also* Doc. No. 33 at 2, 12], he acknowledges grounds two[3] and three have not been presented to the California Supreme Court. [*See* Doc. No. 34 at 38, 42.] As such, the SAP appears to be "mixed." *See Robbins v. Carey*, 481 F.3d 1143, 1145 (9th Cir. 2007) (stating "a 'mixed' petition consist[s] of both exhausted and unexhausted claims"). When a habeas petition is mixed, a district court has discretion to stay the proceedings, but "only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).[4] Accordingly, the Court **ORDERS** further briefing on Petitioner's motion to stay these proceedings for a second time.

///

///

///

///

///

///

///

///

///

///

///

///

---

[3] To the extent Petitioner asks this Court to "order ground two need not be exhausted before the state courts[,]" [Doc. No. 33 at 7], his request is **DENIED**. *See* 28 U.S.C. § 2254(b)(1)(A) (stating a "writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *shall not be granted* unless . . . the applicant has exhausted the remedies available in the courts of the State") (emphasis added).

[4] Under *Rhines*, a stay may be appropriate where: (1) there is "good cause" for the petitioner's failure to exhaust, (2) the unexhausted claims are not "plainly meritless," and (3) the petitioner did not "engage[] in abusive litigation tactics or intentional delay[.]" *Rhines*, 544 U.S. at 277–78.

## III. CONCLUSION

For the above reasons, the Court:

(1) **DENIES** Petitioner's Motion for Appointment of Counsel, [Doc. No. 32], without prejudice;

(2) **DENIES** Petitioner's Motion to Amend Petition for Writ of Habeas, [Doc. No. 33], as moot; and

(3) **ORDERS BRIEFING** as to Petitioner's accompanying Motion to Stay, [Doc. No. 33], as follows:

a. Respondent must file a response to Petitioner's Motion for Stay no later than **October 26, 2026**. The response must not exceed a total of twenty-five (25) pages in length without leave of the Court. *See* S.D. CivLR 7.1(e).

b. Petitioner shall file a reply, if any, to the Respondent's response no later than **November 23, 2026**. If Petitioner elects to file a reply, it must not exceed ten (10) pages in length without leave of the Court. *See id*.

**IT IS SO ORDERED**.

Dated: September 23, 2026

Hon. Cathy Ann Bencivengo
United States District Judge