# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO SUAREZ,<br>Petitioner,<br>v.<br><br>SMITH, Warden,<br>Respondent. | Case No.: 3:25-cv-1640-CAB-GC<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO AMEND PETITION WITHOUT PREJUDICE, [Doc. No. 38];**<br><br>**(2) VACATING BRIEFING SCHEDULE, [Doc. No. 37]; and**<br><br>**(3) DENYING MOTION FOR STAY WITHOUT PREJUDICE, [Doc. No. 33].** |

Petitioner Jose Alfredo Suarez ("Petitioner"), a state prisoner, is proceeding pro se with a federal habeas action pursuant to 28 U.S.C. § 2254. Most recently, the Court ordered briefing on Petitioner's motion for a second stay of these proceedings. [*See* Doc. No. 37.] Respondent failed to timely comply with that order. And on November 2, 2026, Petitioner filed a "Motion for Leave of Court to Supplement the Original and Amended Petitions with the Claims of the Second Amended Petition and Motion for Stay." [Doc. No. 38.]

///

## I. RESPONDENT'S FAILURE TO COMPLY WITH BRIEFING SCHEDULE

On September 23, 2026, this Court, among other things, ordered briefing on Petitioner's Motion to Stay the proceedings, [*see* Doc. No. 33], pending exhaustion of his claims in state court. [Doc. No. 37.] Respondent was directed to file an opposition to the stay motion no later than October 26, 2026. [*See id.* at 5.] As of today, the Court has received nothing from Respondent. While this Court would typically order Respondent to show cause and explain his failure to comply with the Court's scheduling order, it declines to do so here for the reasons discussed below.

## II. MOTION TO AMEND

On November 2, 2026, Petitioner filed a "Motion for Leave of Court to Supplement the Original and Amended Petitions with the Claims of the Second Amended Petition and Motion for Stay," which this Court construes as a motion to amend. [Doc. No. 38 ("Motion").]

### A. Background

Before addressing the Motion, the Court will summarize the proceedings thus far, for clarity. In 1992, Petitioner was convicted of second-degree murder, assault, and attempted murder and sentenced to 15 years to life, plus 4 years. [*See* Doc. No. 1 at 1–2.] On November 21, 2000, Petitioner filed a federal habeas petition in this Court, pursuant to 28 U.S.C. § 2254, challenging his 1992 conviction and sentence. [*See Suarez v. Ortiz*, No. 00-cv-2339-W-AJB, Doc. No. 1.] That petition was dismissed as untimely on May 4, 2001. [*See id.*, Doc. No. 16.] The Ninth Circuit Court of Appeals affirmed the dismissal on March 28, 2005. [*See id.*, Doc. No. 43.]

The original petition in this case was filed on June 26, 2025, along with a motion to stay the proceedings. [Doc. Nos. 1, 2.] The original petition appeared to raise claims arising from resentencing proceedings related to Petitioner's 1992 conviction and sentence. [*See generally* Doc. No. 1.] Petitioner raised three grounds for relief in the original petition, all related to alleged violations of the "California Racial Justice Act of 2020," which,

Petitioner alleged, amounted to violations of his constitutional right to due process. [Doc. No. 1-2 at 9; Doc. No. 1-5 at 7, 13.] On October 31, 2025, this Court granted Petitioner's unopposed motion to stay these federal habeas proceedings because state court proceedings related to Petitioner's resentencing were still ongoing. [Doc. No. 18.]

While this case was stayed, Petitioner filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was initially opened as a new case in *Suarez v. Smith*, No. 25-cv-3566-BTM-DDL. Because this new petition involved the same underlying conviction and sentence, the Court directed it to be filed as a motion to amend in these proceedings. *See Suarez v. Smith*, No. 25-cv-3566-BTM-DDL, Doc. No. 4 (citing *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008); *see also Goodrum v. Busby*, 824 F.3d 1188, 1192 (9th Cir. 2016) ("[W]hen a pro se petitioner files a new petition in the district court while an earlier-filed petition is still pending, the district court must construe the new petition as a motion to amend the pending petition rather than as an unauthorized second or successive petition.")). In the proposed amended petition, [Doc. No. 21], Petitioner appeared to raise only three grounds for relief that were not raised in the original petition. In any event, because the case was stayed, the Court denied the motion to amend the original petition at that time, and noted that Petitioner would have an opportunity to file an amended petition, if he chose to do so, after the stay was lifted. [Doc. No. 22.]

On May 21, 2026, after Petitioner's state court appeals related to his resentencing proceedings had concluded, this Court lifted the stay and issued a briefing schedule which provided Petitioner an opportunity to file an amended petition. [*See* Doc. No. 28 at 2.] Petitioner did so on July 24, 2026. [Doc. No. 34.] That amended petition (which, for purposes of clarity, the Court will refer to as the Second Amended Petition ("SAP")) raised three seemingly new claims, related to alleged judicial bias during Petitioner's resentencing proceedings and appeals, and allegations that false evidence and testimony were introduced at Petitioner's original trial. [*See* Doc. No. 34 at 7, 39–41, 43.] Along with the SAP, Petitioner filed a motion to stay the proceedings a second time and a motion to amend. [Doc. No. 33.] This Court denied the motion to amend as moot because Petitioner had

been granted leave to file an amended petition, and he had done so by filing the SAP. [Doc. No. 37.] As to the stay motion, the Court noted the SAP contained both exhausted and unexhausted claims and thus ordered briefing as to whether Petitioner was entitled to a second stay in this case. [*Id.*] As noted above, Respondent failed to file his opposition, which was due October 26, 2026.

Shortly thereafter, on November 2, 2026, Petitioner filed the instant Motion. [Doc. No. 38.] He asks the Court to permit him to amend the SAP (which is currently the operative petition) such that it also includes the claims raised in the June 26, 2025 original petition and the January 5, 2026 proposed amended petition. [*Id.* at 4.]

**B. Discussion**

Only the claims raised in the SAP are currently before the Court. An amended petition completely replaces the original. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, when a second amended petition is filed, the original petition and first amended petition are treated as nonexistent. *See id.; see also Barbarin v. Scribner*, 809 F. Supp. 2d 1243, 1266 (E.D. Cal. 2011) (stating claims raised in original petition were waived because they are not included in the second amended petition); *Evans v. Shinn*, No. 19-cv-5159-DWL-JZB, 2019 WL 13240760, at *2 (D. Ariz. Nov. 19, 2019) ("Any ground for relief that was raised in the original Petition or First Amended Petition . . . is waived if it is not alleged in the second amended petition.").

In the Motion, Petitioner states that he did not have "a clear understanding of what amended means." [Doc. No. 38 at 3 n.2.] Upon review, it appears Petitioner was under the impression that filing an "amended" petition was simply adding more claims to those previously raised. [*See id.* at 4.] Petitioner now seeks to combine the claims raised in the original and proposed amended petitions with those raised in the SAP. [*Id.*] He also appears to seek a second stay of the proceedings. [*See id.*]

Petitioner's Motion must be denied without prejudice. First, a motion to amend must be accompanied by a proposed amended petition, and Petitioner has failed to submit one here. *See* CivLR 15.1(b) (stating any motion to amend a pleading must be accompanied

by a copy of the proposed amended pleading); *see also Beeman v. City of San Diego*, No. 21-cv-0457-RBM-DDL, 2022 WL 16577534, at *2 (S.D. Cal. Oct. 31, 2022) (noting dismissal of a motion to amend for failure to attach a copy of proposed amended complaint as required by CivLR 15.1(b)).

Moreover, the Court cannot simply look to Petitioner's original petition or his proposed amended petition to make his SAP "complete." While documents filed by pro se litigants "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this leniency does not relieve pro se litigants of the duty to comply the Federal Rules and Local Rules of Court. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012)). Here, in particular, Petitioner's original petition and proposed amended petition, including exhibits, are both several hundred pages long; it would be unfair to put the onus on Respondent to comb through several petitions in order to piece together the claims Petitioner seeks to add to his SAP.

The Court therefore **DENIES** Petitioner's Motion, [Doc. No. 38], **WITHOUT PREJUDICE** to refiling in compliance with the federal and local rules of court. Petitioner is cautioned that this is not leave to add yet more grounds for relief that have never before been raised or proposed in this action. Instead, Petitioner is granted leave to file a Motion to Amend and Proposed Third Amended Petition that includes **only** those claims previously raised in the original petition, [Doc. No. 1], the proposed amended petition, [Doc. No. 21], and the SAP, [Doc. No. 34], as described in the Motion.[1] If Petitioner fails to timely file a

---

[1] In the Motion, Petitioner indicates that he seeks to raise a total of nine claims: the three claims described in the original petition at "pgs. 6 thru 6-RR; 7 thru 7-E; 8 thru 8-B," [*see* Doc. No. 1-2 at 9; Doc. No. 1-5 at 7, 13]; the three claims (including subclaims) contained in the proposed amended petition at "pgs. 6 thru 6-O; 7 thru 7-I; 8 thru 8G," [*see* Doc. No. 21 at 17, 23, 29, 33, 43]; and the three claims raised in the SAP, [*see* Doc. No. 34 at 8, 39–41, 43]. [Doc. No. 38 at 4.]

Motion to Amend and Proposed Third Amended Petition, the Court will proceed with the SAP as the operative pleading.

Having granted Petitioner leave to file a Motion to Amend and Proposed Third Amended Petition, the Court **VACATES** its briefing schedule as to the motion to stay the SAP. [Doc. No. 37.] And because Petitioner has stated his clear intent to amend the SAP, the Court **DENIES** the pending motion to stay the SAP, [Doc. No. 33], **WITHOUT PREJUDICE AS MOOT**.

## III. CONCLUSION AND ORDER

For the above reasons, the Court:

(1) **VACATES** the September 23, 2026 briefing schedule. [Doc. No. 37.]

(2) **DENIES** Petitioner's Motion, [Doc. No. 38], **WITHOUT PREJUDICE**.

(3) **DENIES** Petitioner's Motion to Stay the Second Amended Petition, [Doc. No. 33], **WITHOUT PREJUDICE AS MOOT**.

(4) **GRANTS** Petitioner leave to file a Motion to Amend and Proposed Third Amended Petition **no later than December 28, 2026**. The Proposed Third Amended Petition must state each claim and its supporting facts in full and may not incorporate claims from prior petitions by reference. Petitioner may, however, refer to exhibits previously filed with the Court by identifying the docket number and page number of each exhibit. The Proposed Third Amended Petition must (1) limit its claims to those raised in Doc. Nos. 1, 21, and 34, (2) list the grounds for relief and supporting facts in a clear and concise manner, and (3) as to each claim, indicate whether it has been exhausted in the California Supreme Court and, if possible, provide the date and case number of the California Supreme Court's order denying relief as to each ground. If Petitioner fails to timely file a Motion to Amend and Proposed Third Amended Petition, this Court will proceed with the current operative petition, the SAP.

(5) If Respondent wishes to oppose Petitioner's Motion to Amend once it is submitted, he must file an Opposition and Memorandum of Points and Authorities in

support thereof **within 30 days after the date the Motion to Amend and Proposed Third Amended Petition are filed**.

**IT IS SO ORDERED**.

Dated: November 10, 2026

Hon. Cathy Ann Bencivengo
United States District Judge